■ ELWOOD CARR, JR., an Infant, by His Guardian ad Litem, FLOSSIE CARR, et al., Respondents, v. CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In a negligence action by (1) an infant to recover damages for personal injuries sustained when, in the absence of a teacher assigned to supervise gymnastic activities in a public school, classmates caused the infant plaintiff to slip and fall from a rope which he had been directed to climb, and (2) his mother for medical expenses and loss of services, defendant the Board of Education appeals from a judgment of the Supreme Court, Queens County, entered June 8, 1965, in plaintiffs' favor upon a jury verdict. As against defendant the City of New York, the action was discontinued. Judgment reversed, on the law and the facts, and new trial granted as between plaintiffs and appellant, with costs to abide the event. In our opinion, the verdict was against the weight of the credible evidence and a new trial is warranted in the interests of justice. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

■ JENNIE FERRARO, as Administratrix de bonis non of the Estate of CARMELO FERRARO, Deceased, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from an order of the Supreme Court, Kings County, entered January 26, 1965, which denied her motion to restore the action to the Ready Day Calendar for a day certain. Order reversed, in the exercise of discretion, without costs, and motion granted to the extent of directing the restoration of the action of its former position on the calendar. It appears that the case was marked "settled" without plaintiff's consent and that in fact no settlement had been agreed upon. Under the circumstances disclosed by this record, we are of the opinion that the action should be restored to the calendar (cf. *Fasano* v. *City of New York*, 22 A D 2d 799; *Jones* v. *Merit Truck Renting Corp.*, 17 A D 2d 779). Motion to dismiss appeal, renewed on argument of appeal, denied, without costs. (See *Johnson* v. *Anderson*, 15 N Y 2d 925.) Beldock, P. J., Christ, Brennan and Hill, JJ., concur; Ughetta, J., concurs in the denial of the motion to dismiss the appeal, but dissents from the reversal of the order and votes to affirm the order, with the following memorandum: This action arose out of an accident which took place in June, 1955. Plaintiff's intestate died in November, 1956. It appears that the action was commenced in late 1957 and was marked "settled" in September, 1962, allegedly without plaintiff's consent. The motion to restore the action to the Ready Day Calendar was made in December, 1964, after two previous motions for the same relief had been withdrawn by plaintiff and a third motion had been denied, although no order was subsequently entered. No excuse for the delay in seeking to restore the action is offered. In addition, the attempt to show that the action has merit was completely inadequate (cf. *Jones* v. *Merit Truck Renting Corp.*, 17 A D 2d 779). There was no factual showing of negligence on defendant's part and no showing of causal connection between the accident and the death of plaintiff's intestate. Accordingly, the order appealed from should be affirmed.